In re DAVIS COLLAMORE et al.

(Circuit Court, S. D. New York. January 9, 1893.)

CUSTOMS DUTIES—PAINTINGS ON PORCELAIN—ACT OCT. 1, 1890.

Artistic paintings in oil upon a plain slab of porcelain, intended and used solely for ornamental purposes, and not susceptible to any other use, and whose valuable and distinctive feature is the painting, and not the porcelain, are dutiable as "paintings in oil or water color" at 15 per cent. ad valorem, under paragraph 465, and not as "porcelain ware, painted," under paragraph 100, of the act of October 1, 1890.

At Law. Appeal from decision of United States general appraisers.

The importation in this suit consisted of five articles invoiced as "porcelain paintings," valued at £26. 10s. sterling, from Stoke-on-Trent, Eng., which were assessed for duty by the collector of customs at New York at 60 per cent. ad valorem, under the following paragraph of the act of October 1, 1890:

"Par. 100. China, porcelain, parian, bisque, earthen, stone, and crockery ware, including placques, ornaments, toys, charms, vases, and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if plain white, and not ornamented or decorated in any manner, fifty-five per centum ad valorem."

The importers duly protested, claiming the same to be dutiable at 15 per cent. ad valorem, as "paintings in oil or water colors," within paragraph 465 of said act. The United States general appraisers found the articles were not placques, but were well executed oil paintings done by hand on flat pieces of porcelain, and sustained the protest of the importers, holding the same to be properly classified under paragraph 465. The collector appealed from their decision to the United States circuit court under the provisions of the act of June 10, 1890. It was contended on behalf of the collector that the articles came within the description and enumeration of paragraph 100, which included, eo nomine, "porcelain ware * * * painted," and, if they were paintings, they were thus provided for; that paragraph 465 only covered paintings that were "not otherwise provided for." The importers contended that an inspection of the sample showed that it was a work of art; the porcelain is an insignificant element of cost, and the painting is the valuable and distinctive feature. It is not porcelain ware, but the porcelain slab was used merely as a ground for the painting, and the article is not susceptible of use otherwise than as a painting.

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty., for collector.

Edward Hartley, for importers.

COXE, District Judge, (orally.) I think the imported articles are clearly paintings, and are not porcelain ware or placques. The decision of the board is affirmed, and it is directed that the articles be classified for duty under paragraph 465.